UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Millard P. Bell, Administrator of
the Estate of Helen Bell,

    Plaintiff,

-V-                                                    Case No. 2:07-cv-00633
                                                    Judge Michael H. Watson

Fairbanks Capital Corp.
aka Select Portfolio Services,

    Defendant.

## OPINION AND ORDER

Plaintiff, who is proceeding pro se, seeks relief with respect to a state court foreclosure of real property. This matter is before the Court on defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 14). For the reasons that follow the Court grants defendant's motion to dismiss.

### I. Background

Plaintiff Millard P. Bell is the Administrator of the Estate of his mother, Helen Bell. This case concerns real property that belonged to the Estate, to wit: a single family home located at 59 Midland Avenue, Columbus, Ohio. Mr. Bell lived in the home.

The property has been the subject of repeated attempts at foreclosure since about 2002. The foreclosure attempts had been thwarted until recently as a result of one or more bankruptcy proceedings initiated by Mr. Bell. Mr. Bell acknowledges that no mortgage payments have been made on the home for at least five years. It appears

defendant continued to pay real estate taxes and insurance fees during this period.

Mr. Bell filed the instant action on July 5, 2007, seeking a temporary restraining order ("TRO") to prevent the foreclosure sale of the subject property. The Court conducted a conference that day, as well as the next day, during which Mr. Bell was given a full and fair opportunity to explain his case. In essence, Mr. Bell argued that defendant has a long history of illegal and unfair treatment of mortgage loan borrowers. Defendants' conduct led to a class action lawsuit in federal district court in Massachusetts. Part of the settlement of that case involved an agreement by Fairbanks to implement certain procedures to protect the rights of borrowers. Mr. Bell asserts that Fairbanks did not afford him these protections in connection with the foreclosure of the subject property.

The Court declined to grant the TRO. On August 3, 2007, the Court issued a written decision denying Mr. Bell's motion for a preliminary injunction. Defendant filed its motion to dismiss on September 26, 2007. The Court granted Mr. Bell two extensions to respond to defendant's motion. Mr. Bell filed his response on February 15, 2008.

## II. Standard of Review

A motion to dismiss for failure to state a claim will not be granted if "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Nonetheless, to survive a motion to dismiss, the factual allegations of a complaint must "'state a claim for relief that is plausible on its face.'" *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (quoting

*Twombly,* 127 S. Ct. At 1965, 1974). When ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008). The Court is not, however, required to accept as true legal conclusions or unwarranted factual inferences. *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).

### III. Discussion

Defendant argues plaintiff's complaint must be dismissed under the *Rooker-Feldman* doctrine. In essence, defendant contends plaintiff is attempting to appeal the judgment of foreclosure issued by the state court.

The United States Court of Appeals for the Sixth Circuit recently upheld the dismissal of a nearly identical case under the *Rooker-Feldman* doctrine. The court explained:

> Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker-Feldman.* Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, *Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006).

> Givens's suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* was appropriate. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489-90 (6th Cir.2005) (*Rooker-Feldman* barred FDCPA action filed after entry of state foreclosure decree and order of sale).

*Givens v. Homecomings Financial,* No. 07-2359, 2008 WL 2121008, at *1-2 (6th Cir. May 20, 2008).

In the instant case, Mr. Bell accuses defendant of breaching the terms of the mortgage as well as the terms of a class action settlement. Nonetheless, Mr. Bell seeks only injunctive relief which would, in effect, have prevented the Sheriff from selling the Estate's home pursuant to the state court judgment of foreclosure. As in *Givens*, the ultimate source of Mr. Bell's injuries is the state court judgment. Consequently, Mr. Bell's lawsuit is barred under the *Rooker-Feldman* doctrine.

In addition, it appears that the Mr. Bell's claims either were or should have been presented to the state court. As a result, Mr. Bell's claims are also barred by the doctrine of *res judicata. See Givens,* at *2.

Lastly, the only relief Mr. Bell seeks in this action relates to maintaining possession of the subject home. Since this Court did not enjoin the sale, the property was sold at a Sheriff's sale. Under the circumstances, the relief Mr. Bell seeks is no longer available. Mr. Bell's claims are therefore additionally precluded under the principle of mootness. *See Brock v. U.S. Dept. of Justice,* 256 Fed. Appx. 748, 750

(6th Cir. 2007)("Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief.").

### IV. Disposition

For the above reasons, the Court **GRANTS** defendant's motion to dismiss (Doc. 14).

The Clerk shall enter a final judgment, in favor of defendant, and against plaintiff, dismissing this action in its entirety with prejudice.

The Clerk shall also remove Doc. 14 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**